In the Matter of the Application of WILLIAM H. MARK-LAND, Respondent, for a Peremptory Writ of Mandamus against PATRICK J. SCULLY, City Clerk of the City of New York, et al., Appellants.

Constitutional law — New York (city of) — justices of the Municipal Court — unconstitutionality of statute (L. 1907, ch. 603, § 3) amending section 1357 of New York city charter relative to vacancies in office of justices.

1. The statute of 1907 (Ch. 603, § 3), amending section 1357 of the charter of the city of New York, relating to vacancies in office of justices of the Municipal Court, violates the Constitution. *First*, in prohibiting an election unless the vacancy occurs three months before the general election. *Second*, in requiring the mayor to appoint a person to fill the vacancy in the interim, which in this case would be for two years and about five months. *Third*, in requiring the election to fill vacancies to be for a full term, which might occur in an even numbered year. Hence the section of the charter as it existed before the amendment must be deemed to remain in force.

2. Where a justice of the Municipal Court of the city of New York died on the eighth day of August, and the annual election occurs on the seventh day of November thereafter, an election to fill the vacancy should be had at such annual election, and no appointment to fill a vacancy can continue longer than to the first day of January after such annual election.

3. The city clerk of the city of New York being required by the statute to give notices of an election and of the offices to be filled, it is his duty to do so upon the happening of a vacancy which is required to be filled at the ensuing election, notwithstanding that

such vacancy occurred after said clerk had issued notices of election in accordance with conditions then existing, and such duty may be enforced by mandamus.

*Matter of Markland*, 146 App. Div. 350, affirmed.

(Argued October 2, 1911; decided October 10, 1911.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered September 25, 1911, which affirmed an order of Special Term granting a motion for a peremptory writ of mandamus to compel the city clerk·of the city of New York to issue a notice for an election of justice of the Municipal Court, sixth district, in the borough of Brooklyn.

· The facts, so far as material, are stated in the opinion.

*Archibald R. Watson, Corporation Counsel (James D. Bell* of counsel), for appellants. Whether a justice of the Municipal Court of the city of New York can or cannot be elected at the coming general election in the sixth district of the borough of Brooklyn, the present proceeding is unauthorized in law, without precedent and entirely unnecessary. (*People ex rel. Davis* v. *Cowles*, 13 N. Y. 350; *People ex rel. Meagher* v. *Voorhis*, 115 App. Div. 891; *People* v. *O'Brien*, 38 N. Y. 193; *People ex rel. Goring* v. *President*, 144 N. Y. 616.) Conceding for the purposes of the argument the relator's claims as adopted by the courts below, that the Municipal Court of the city of New York is a district court created by the legislature under article 6, section 17, of the Constitution, and that section 5 of article 10 of the Constitution applies to vacancies therein, there can be no election to fill any such vacancies at the coming general election, because there is no provision of law authorizing such election. (*People ex rel. Fowler* v. *Bull*, 46 N. Y. 57; *Matter of Schultes*, 33 App. Div. 524; *People ex rel. Lyon* v. *Wallin*, 141 App. Div. 34; *People ex rel. Woods* v. *Crissey*, 91 N. Y. 616.) The Municipal Court of the city of New York is fully provided for in the judiciary article of the Constitu-

tion, and section 5 of article 10 of the Constitution does not apply to it. (*People ex rel. Hatfield* v. *Comstock*, 78 N. Y. 356; *People ex rel. Furman* v. *Clute*, 50 N. Y. 451; *Koch* v. *Mayor, etc.*, 152 N. Y. 72.) A Municipal Court justice is not an elective officer within the meaning of article 10, section 5, of the Constitution. (*People* v. *Keeler*, 17 N. Y. 370; *People ex rel. Hatfield* v. *Comstock*, 78 N. Y. 356; *People ex rel. Ward* v. *Scheu*, 167 N. Y. 292; *People ex rel. Howard* v. *Supervisors*, 42 App. Div. 510; 160 N. Y. 688; *Worthington* v. *L. G. & A. Co.*, 164 N. Y. 81.)

*Arnon L. Squiers* and *Charles B. Law* for respondent. The office of justice of the Municipal Court of the city of New York is created and made elective by the provisions of the Constitution of the state of New York, section 17, article 6. (*Worthington* v. *L. G. & A. Co.*, 164 N. Y. 86; *Routenberg* v. *Schweitzer*, 165 N. Y. 175; *People* v. *Dooley*, 69 App. Div. 523; *People* v. *Unger*, 123 App. Div. 312.) An election to fill the vacancy created by the death of Judge Fielder must be held at the coming annual election in November, 1911, within the provisions of the Constitution of the state of New York, section 5 of article 10. (*People ex rel. Howard* v. *Supervisors*, 42 App. Div. 510; *People ex rel. Ward* v. *Scheu*, 167 N. Y. 292; *People* v. *Green*, 2 Wend. 268; *People* v. *Keeler*, 17 N. Y. 370; *Weller* v. *Townsend*, 102 N. Y. 430.) Section 5, article 10 of the Constitution applies to judicial officers as well as other elective officers. (*People* v. *Keeler*, 17 N. Y. 375; *People ex rel. Davies* v. *Cowles*, 13 N. Y. 350; *People ex rel. Ward* v. *Scheu*, 167 N. Y. 296.) It is the duty of the city clerk, as provided by section 293, chapter 649 of the Laws of 1911, to make and transmit to the custodian of primary records a notice under his hand and seal, stating each city officer to be voted for at the coming election, and it is also the duty of the board of elections, as custodian of primary records, to publish a notice which will con-

tain a list of all city officers who may lawfully be voted for at the coming election by the electors of the city or any part thereof. (*Ziegler* v. *Corwin*, 12 App. Div. 67.)

HAIGHT, J.   On the 8th day of August, 1911, George Fielder, of the sixth district Municipal Court of the city of New York, died, and a question has arisen as to whether the vacancy caused by his death can be filled by an election at the next ensuing election which occurs on the 7th day of November.   For the purpose of determining that question the relator made an application for a peremptory writ of mandamus and, by the orders appealed from, the courts below have determined that such election should be had.

Upon the argument of this appeal a preliminary question was raised by the appellant as to whether mandamus would issue against the clerk of the city, the contention being that the death of the justice occurred after he had issued his notices of election, and that he was not required to issue any second notice, having once performed the duty placed upon him by the statute.   It may be that the validity of an election does not depend upon the issuing of the notice for the filling of the vacancy, and it is quite true that the clerk had already issued his notice of election, specifying the positions to be filled before the death of Justice Fielder.   But the purpose of the statute requiring notice to be given of the election and of the places to be filled at such election is to inform the electors of the positions to be filled so that they may have the requisite time to select the persons who should be nominated and voted for at the election.   It would seem, therefore, that the clerk being required by the statute to give such notices, it became his duty to do so upon the happening of a vacancy which was required to be filled at the ensuing election.   In the apportionment cases this court has recently held that the question as to the validity of the act apportioning the state into senatorial districts

could be reviewed upon a mandamus requiring state officers charged with the duty to give notices of the election to be had in the senatorial districts. We, therefore, are of the opinion that the question presented should be determined upon the merits.

The death of Justice Fielder having occurred on the 8th day of August, the vacancy occurred less than three months prior to the next general election, and it consequently becomes necessary to determine the validity of the provisions of the statute of 1907 (ch. 603, section 3), amending section 1357 of the charter of the city of New York. It provides as follows: " Vacancies occurring in the office of justice of said court otherwise than by expiration of term shall be filled at the next general election, in an odd numbered year happening not less than three months after such vacancy occurs, for a full term commencing on the first day of January next after said election; and the mayor of the city shall appoint some proper person to fill such vacancy in the interim within twenty days after the same occurs." Under the provisions of the statute it will be readily seen that inasmuch as three months will not intervene after the vacancy before the ensuing election, the vacancy cannot be filled at the next election. It cannot be filled at next year's election, for that will be an even numbered year and consequently the election will be postponed until November, 1913. It consequently would follow that the vacancy cannot be filled by election until the first day of January thereafter, which would be two years and five months after the happening of the vacancy. In determining the validity of this statute it becomes necessary to examine three provisions of the Constitution. The first is section 17, article 6, which provides that " The electors of the several towns shall, at their annual town meetings, or at such other time and in such manner as the Legislature may direct, elect Justices of the Peace, whose term of office shall be four years. *In case*

*of an election to fill a vacancy occurring before the expiration of a full term, they shall hold for the residue of the unexpired term.* * * * Justices of the Peace and District Court Justices may be elected in the different cities of this State in such manner and with such powers, and for such terms, respectively, as are or shall be prescribed by law; all other judicial officers in cities, whose election or appointment is not otherwise provided for in this article, shall be chosen by the electors of such cities, or appointed by some local authorities thereof."

Section 5, article 10, of the Constitution provides: " The Legislature shall provide for filling vacancies in office, and in case of elective officers, no person appointed to fill a vacancy shall hold his office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy."

Section 3, article 12, provides: "All elections of city officers, including supervisors and judicial officers of inferior local courts, elected in any city or part of a city, and of county officers elected in the counties of New York and Kings, and in all counties whose boundaries are the same as those of a city, *except to fill vacancies*, shall be held on the Tuesday succeeding the first Monday in November in an odd numbered year, and the term of every such officer shall expire at the end of an odd numbered year."

The purpose of the last section of the Constitution was to separate the election of city officers from that of state officers, so that they would not occur in the same year; and inasmuch as the state officers were elected on an even numbered year, it was arranged that the city officers should be elected on an odd numbered year. Under the provisions of the Greater New York charter elections were arranged in accordance with this provision of the Constitution. The terms of the district judges or the judges of the Municipal Court were fixed at an even num-

ber of years; their elections to be had at an odd numbered year, which would make their terms expire at the end of an odd numbered year; and consequently the election of their successors would occur at the annual election of an odd numbered year. It will be observed, however, that this provision of the Constitution expressly excepts therefrom an election to fill a vacancy. But if an election were to be held to fill a vacancy on an even numbered year, and it was for a full term, then the term would expire in an even numbered year and thus require the successor to be elected in an even numbered year, which would be in violation of the terms of the Constitution.

Returning to a consideration of section 17, article 6, we find that justices of the peace and District Court justices may be elected in the different cities and in such manner and with such powers and for such terms, respectively, as are or shall be prescribed by law. Independent of this and following the provision with reference to the election of justices of the peace in towns is the provision that in case of election to fill a vacancy occurring before the expiration of a full term they shall hold for the residue of the unexpired term. It is claimed that this clause has reference to filling vacancies of justices of the peace in towns, and not to justices of the peace and District Court justices in cities. But it will at once be seen, on referring to the election of judicial officers in section 3, article 12, that if the vacancy is filled for a full term, it will in every case, where the vacancy occurs in an odd numbered year, violate the provisions of that section. It consequently appears to me that the provision with reference to filling vacancies for the unexpired term must also apply to the election of judicial officers to fill vacancies in cities, at least in so far as the cities embraced in that section are concerned, which are those of the first and second class, excluding those of the third class. As to the justices of the peace and District Court justices elected in cities under the provisions of section 17, article 6, we fully con-

cur in the opinions below that such officers, under the Constitution, are elected officers; and that the district justices in the city of New York forming the Municipal Courts must be elected by the electors thereof for their respective districts. We do not deem it necessary to further discuss this question, for it has already received the attention of this court on different occasions, and at least four of our members have written upon this subject. (*Worthington* v. *London G. & A. Co.*, 164 N. Y. 81; *People* v. *Dooley*, 69 App. Div. 512; affirmed, 171 N. Y. 74.)

Justice Fielder's office, therefore, being elective, it is brought under the provisions of section 5, article 10, in which the legislature *shall* provide for filling the vacancies, and no person appointed to fill a vacancy shall hold his office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy. It consequently appears from this provision that inasmuch as Fielder died on the 8th day of August, and the annual election occurred on the 7th day of November thereafter, an election to fill his vacancy should be had at the annual election, and no appointment to fill a vacancy can continue longer than to the 1st day of January after such annual election. It follows that, if I am correct with reference to the construction that should be given this provision of the Constitution, the statute of 1907, amending section 1357 of the charter, violates the provision of the Constitution. *First*, in prohibiting an election unless the vacancy occurs three months before the general election. *Second*, in requiring the mayor to appoint a person to fill the vacancy in the interim, which in this case would be for two years and about five months. *Third*, in requiring the election to fill vacancies to be for a full term, which might occur in an even numbered year.

It is now contended that there is no statute under

which an election could be had. Prior to the amendment of 1907 section 1357 of the charter (L. 1901, ch. 466) provided: "Vacancies occurring in the office of justice of said court shall be filled at the next ensuing general election for the unexpired term commencing on the first day of January next after said election; and the mayor of the city shall appoint some proper person to fill such vacancy in the interim within twenty days after the same occurs." This provision of the charter was carefully drawn and is in accord with the three sections of the Constitution to which allusion has been made. This provision of the charter, as we have seen, was amended in 1907; but in every clause in which it was amended, some one of the three articles of the Constitution to which I have referred has been violated. It consequently follows that this amendment was void; and the section of the charter as it existed before the amendment must be deemed to remain in force. (*People ex rel. Farrington* v. *Mensching*, 187 N. Y. 8.)

In view of the fact that the city officers were proceeding in good faith under a provision of the statute which they had no power to adjudge invalid, I think they should not be charged with costs. The order should, therefore, be affirmed, without costs.

CULLEN, Ch. J. (dissenting). While I concur with Judge HAIGHT in the view that the appointee of the mayor cannot hold office under his appointment beyond the end of this year, I think that no duty is cast by statute upon the defendants to give notice of vacancies that may occur within three months prior to the election. They discharged their duty when they gave the notice required by law in accordance with the conditions then existing.

For this reason I dissent.

VANN, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur with HAIGHT, J.; CULLEN, Ch. J., reads dissenting memorandum.

Order affirmed.