In the Matter of DANIEL CAREY, Respondent, against MICHAEL J. CRUISE, City Clerk of the City of New York, et al., Appellants.

HARRISON C. GLORE, Intervenor, Appellant.

**Constitutional law — elections — term of office of Municipal Court justice elected to fill vacancy occurring other than by expiration of term.**

Chapter 829 of the Laws of 1920, providing that Municipal Court justices elected to fill a vacancy occurring other than by expiration of term shall be elected for the full term, except that if such full term would expire with an even-numbered year then for a term ending with the year prior thereto, is valid. Section 17 of article 6 of the State Constitution, providing that an election to fill a vacancy in the office of justice of the peace in a town, occurring before expiration of the term, shall be for the residue of the unexpired term, does not apply to Municipal Court justices in cities. (*Matter of Markland* v. *Scully,* 203 N. Y. 158; *Matter of Trounstine* v. *Britt,* 212 N. Y. 421, 431, distinguished and explained.)

(Argued October 3, 1927; decided October 7, 1927.)

APPEAL from a final order of the Supreme Court, made at the Kings County Special Term and entered August 31, 1927, which granted a motion for a peremptory order of mandamus requiring the city clerk of the city of New York to certify to the board of elections of the

city of New York that a justice of the Municipal Court for the seventh district in the borough of Brooklyn is to be voted for in 1927, and directing the board of elections to publish a notice that nominations are to be made for such office and to receive and file petitions designating candidates for nomination to such office.

*George P. Nicholson*, Corporation Counsel (*Joseph P. Reilly* of counsel), for City Clerk et al., appellants.

*Charles H. Kelby* and *Charles B. Law* for Harrison C. Glore, intervenor, appellant. The statute of 1920 is not violative of section 3, article 12, or of section 17, article 6 of the Constitution of the State of New York. (*Worthington* v. *London G. & A. Co.*, 164 N. Y. 81; *Matter of Markland* v. *Scully*, 203 N. Y. 158.)

*John B. Johnston* and *Ralph K. Jacobs* for respondent. The amendment contravenes the provisions of section 3, article 12 of the Constitution inasmuch as it attempts to provide for the election for a full term in an even-numbered year. (*Markland* v. *Scully*, 203 N. Y. 158; *Matter of Trounstine* v. *Britt*, 212 N. Y. 421; *Matter of Delehanty* v. *Britt*, 212 N. Y. 457.) The amendment of the statute by chapter 829, Laws of 1920, contravenes the provisions of section 17, article 6 of the Constitution. (*Matter of Worthington* v. *London G. & A. Co.*, 164 N. Y. 81; *People* v. *Dooley*, 69 App. Div. 512; 171 N. Y. 75; *Matter of Markland* v. *Scully*, 73 Misc. Rep. 363; 146 App. Div. 350; 203 N. Y. 158.)

CRANE, J. At the general election held in November, 1917, one Edward A. Richards was elected for a full term of ten years to the office of justice of the Municipal Court of the city of New York for the seventh Municipal Court district in the borough of Brooklyn. His term, therefore, was to expire on December 31, 1927.

On November 5, 1919, he resigned his office, and an *ad interim* appointment was made.

At the general election held in November, 1920, the appellant, Harrison C. Glore, was elected to said office, and if his term ran for ten years, it would expire December 31, 1930.   This would require an election in November of 1930, an even-numbered year, contrary to the provisions of section 3 of article XII of the Constitution. His term of office, however, by reason of chapter 829, Laws of 1920, expires December 31, 1929.

The applicant herein contends that Glore was elected for the unexpired term of Justice Richards, ending December 31, 1927.   The Special Term has granted to the applicant a peremptory order of mandamus requiring the city clerk of New York to transmit to the board of elections a certificate stating that the office of justice of the Municipal Court for the seventh municipal district is to be voted for at the coming election in November, and requiring the board of elections to take the necessary procedure for such election.

The appellant bases his claim to a full term election less one year, as above stated, by reason of chapter 829 of the Laws of 1920 (Sec. 4 of the New York City Municipal Court Code) in force at the time of his election. That law reads:

" Vacancy In The Office Of Justice.   A vacancy occurring in the office of justice of this court otherwise than by expiration of term, shall be filled at the next ensuing general election for a full term, except that if such full term would expire with an even-numbered year, for a term ending on the last day of December next preceding the time when a full term would expire; such terms shall commence on the first day of January next after said election; and the mayor of the city of New York shall appoint a duly qualified attorney to fill such vacancy in the interim, within twenty days after the same occurs."

According to this law, Glore was elected " for a term

ending on the last day of December next preceding the time when a full term would expire," to wit, December 31, 1929.

The petitioner has succeeded in convincing the court below that chapter 829 of the Laws of 1920 is violative of article VI, section 17, of the Constitution, which reads:

"Justices of the peace; district court justices.—§ 17. The electors of the several towns shall, at their annual town meetings, or at such other time and in such manner as the Legislature may direct, elect Justices of the Peace, whose term of office shall be four years. In case of an election to fill a vacancy occurring before the expiration of a full term, they shall hold for the residue of the unexpired term. Their number and classification may be regulated by law. Justices of the Peace and judges or justices of inferior courts not of record, and their clerks, may be removed for cause, after due notice and an opportunity of being heard by such courts as are or may be prescribed by law. Justices of the Peace and District Court Justices may be elected in the different cities of this State in such manner and with such powers, and for such terms, respectively, as are or shall be prescribed by law; all other judicial officers in cities, whose election or appointment is not otherwise provided for in this article, shall be chosen by the electors of such cities, or appointed by some local authorities thereof."

The words in this section, " they shall hold for the residue of the unexpired term," have been held to apply to Municipal Court justices in cities as well as to justices of the peace elected for the towns. We cannot agree with this conclusion. The section itself makes a distinction in this particular between the justices of the peace in towns and similar officers elected in cities. The first sentence provides that the electors of the several towns shall elect a justice of the peace whose term of office shall be four years. There is no power in the Legislature to change this term of office; the Constitution fixes it.

In this particular, the justices of the peace in towns are set apart from justices in cities, holding a like office. The provision for an election for the unexpired term is also limited to the justices in the several towns. The last sentence of the section deals with the city justices, and fixes no term. Justices of the peace and District Court justices may be elected for such terms as shall be prescribed by the Legislature. This shows clearly that the two classes of justices, those in the towns, those in the cities, are governed by different provisions.

We think, therefore, that it was constitutional for the Legislature to provide that Municipal Court justices, elected to fill a vacancy should be elected for the full term and not for the unexpired term of the office, provided section 3 of article XII of the Constitution was complied with, making such full term expire in an odd-numbered year. This was done in this case by chapter 829 of the Laws of 1920.

The history of section 17 of article VI of the Constitution also bears out this conclusion. The section was originally inserted in the Constitution in 1846 and applied solely to justices of the peace of the several towns, who were to be elected for four years. The judiciary article, as amended in the Constitution of 1869, added to this section (then known as section 18) the provisions relating to justices of the peace in cities. In 1894 the Constitution was again amended and the old number restored as it is at present, article VI, section 17.

The action of the petitioner and the view of the court below have no doubt been influenced, and partially justified, by the opinion of this court in *Matter of Markland* v. *Scully* (203 N. Y. 158). Some things were there said which may have thrown doubt upon this question, and yet a careful reading of the opinion in connection with the facts of that case indicates that this court did not hold or intend to hold that by section 17 of article VI the limitation for filling vacancies in Justices' Courts

16

was also applicable to Municipal Courts in cities. The statute under consideration in that case might require an election to fill a vacancy for a full term, which expiring in an even-numbered year, would violate section 3 of article XII. This court had that difficulty in mind as Judge HAIGHT says in his opinion: " It is claimed that this clause [Sec. 17 of art. VI] has reference to filling vacancies of justices of the peace in towns, and not to justices of the peace and District Court justices in cities. But it will at once be seen, on referring to the election of judicial officers in section 3, article 12, that if the vacancy is filled for a full term, it will in every case, where the vacancy occurs in an odd- [even] numbered year, violate the provisions of that section. It consequently appears to me that the provision with reference to filling vacancies for the unexpired term must also apply to the election of judicial officers to fill vacancies in cities, at least insofar as the cities embraced in that section are concerned."

We are not unmindful of the force which these words add to the position of the respondent and yet it is quite evident that Judge HAIGHT intended by these words to mean that even if section 17 of article VI did not apply to Municipal Courts in cities yet the law under consideration would violate section 3 of article XII. In any case it would be unconstitutional. The point which is now before us was not then under direct consideration and this is apparent from the summary which Judge HAIGHT makes in his opinion of the questions decided. He states the three points upon which the law then under discussion was unconstitutional as follows: " *First,* in prohibiting an election unless the vacancy occurs three months before the general election. *Second,* in requiring the mayor to appoint a person to fill the vacancy in the interim, which in this case would be for two years and about five months. *Third,* in requiring the election to fill vacancies to be for a full term, which might occur in

an even numbered year." Section 17 of article VI was not one of the determining factors.

It is humanly impossible to write opinions so as to fit all unforeseen circumstances that may arise in the future or to prevent the words of the opinion sometimes having an apparent although no real application.

These same reflections apply to the point that the words " except to fill vacancies " of section 3, article XII, refer not only to the occasion but also to the term; that is, that the Constitution here means by " vacancy " the unexpired term. Vacancy is not used in this sense in the other sections of the Constitution providing that " vacancies " in other judicial offices shall be filled for the full term of that office.

It is claimed that the opinion in *Matter of Trounstine* ·v. *Britt* (212 N. Y. 421, 431) indicates that such should · be the interpretation of the word " vacancy " because Judge HOGAN there mentioned that it was the policy of this State in the event of a vacancy in an office that the successor elected thereto should hold office only for the unexpired portion of the term fixed by law. The policy of this State is determined by its Constitution and its laws. There is no policy, I know of, which cannot be superseded by either. The policy which Judge HOGAN had in mind and referred to was that which he considered existed in the absence of legislation or decision upon the subject. In this case the Legislature has acted by the provisions of the law of 1920 above referred to.

For the reasons here stated, the order should be reversed and the application denied, without costs.

CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Order reversed, etc.