JOSEPH JOCH, Appellant, v COUNTY OF TOMPKINS, Respondent.

Third Department, July 28, 1983

**APPEARANCES OF COUNSEL**

*Ball & McDonough, P. C. (Kevin F. McDonough* of counsel), for appellant.

*Robert I. Williamson, County Attorney (George R. Pfann, Jr.,* of counsel), for respondent.

**OPINION OF THE COURT**

MAIN, J. P.

Though there is no dispute as to the facts, the issues presented require their presentation in some detail. Plaintiff was first elected to the office of District Attorney of Tompkins County in the fall of 1974 for a three-year term commencing on January 1, 1975. He was re-elected for a second term but lost in his bid for a third term and left office on December 31, 1981 when his second term expired.

Prior to plaintiff's first election, section 183-a of the Judiciary Law was amended (L 1974, ch 1049, § 3) so as to set the salary of the District Attorney at the same salary level as that of the County Judge in those counties where the county legislature had established the office of District Attorney as being a full-time position pursuant to the provisions of subdivision 8 of section 700 of the County Law. Prior to the amendment, which became effective on June 15, 1974, section 183-a had no application to any county, such as Tompkins, having a population of less than 100,000. By the same legislation (L 1974, ch 1049, § 1), subdivision 8 of section 700 of the County Law was amended to provide in relevant part that, where the county legislature had designated the office of District Attorney to be a full-time position in counties having a population of less than 100,000 and more than 40,000, the District Attorney shall be required to devote his whole time to the office and not engage in the private practice of law. Accordingly, if at the time plaintiff assumed office Tompkins County had, by vote of its legislature, established the office to be a full-time position, plaintiff would have been entitled to the same salary as that paid to the County Judge.

The record reveals that effective January 1, 1972 the Board of Legislators of Tompkins County, through its passage of Resolution No. 96, had opted to establish the District Attorney's position as being full time. By Resolution No. 124 on June 10, 1974, the legislature opted to continue that designation. However, on that same day, being conscious of the fact that the State Legislature was about to pass the proposed legislation equalizing the salaries of District Attorneys and County Judges in counties of the size of Tompkins, its legislators passed Resolution No. 112 fixing the District Attorney's salary for the term commencing on January 1, 1975 at either that paid to the County Judge or, alternatively, at $30,000 if the contemplated State legislation failed to gain acceptance. The proposed legislation became law and, on September 9, 1974, the county legislature passed Resolution No. 189 which was a request to the State Legislature that it permit counties which had designated the office of District Attorney as full time to set the rate of pay for that office rather

than be bound by section 183-a of the Judiciary Law. Not surprisingly, the State Legislature did not implement the county's request. Thus denied, the county legislators met on October 14, 1974 and passed a series of three resolutions. Resolutions Nos. 215 and 216 rescinded Resolutions Nos. 96, 124 and 112; the legislature then passed Resolution No. 217 which redesignated the office of District Attorney of Tompkins County as part time "in which position the District Attorney shall give 96% of his time to the duties of the office" and fixed the salary for the three-year term commencing January 1, 1975 at $30,000 annually. It is of significance, for reasons we will later discuss, that this legislative activity was occurring in the midst of the campaign for this very office and that, after the expiration of the term for which plaintiff last ran, the board again changed the conditions of employment to make it full time once more (Resolution No. 122 of 1981).

On December 30, 1981, plaintiff commenced this action against Tompkins County seeking a declaration (1) that Resolutions Nos. 215, 216 and 217 of 1974 were illegal, unconstitutional, void and of no effect; (2) that the office of District Attorney was full time throughout his two-term, seven-year service; (3) that he is entitled to receive the difference between salary received by the County Judge and plaintiff for the seven-year period; and (4) that the county pay to plaintiff and to the New York State Employees' Retirement System the correct proportion of the amount wrongfully withheld. Defendant county, after denying certain allegations of the complaint, asserted numerous affirmative defenses including, *inter alia,* the unconstitutionality of section 183-a of the Judiciary Law, the validity of Resolution No. 217, the failure to file a notice of claim, estoppel, laches and the Statute of Limitations.

In January of 1982, defendant moved for summary judgment and plaintiff responded by cross-moving for summary judgment in his favor. Special Term, after concluding that no question of fact existed which would impair the grant of summary judgment to either party, granted defendant's motion and declared that Resolutions Nos. 215 and 216 were legal and valid; that the office of Tompkins County District Attorney was properly designated a part-time

position during plaintiff's two terms in office; that plaintiff was not entitled to receive the annual salary of a County Judge during his terms in office; and that Resolution No. 217 of 1974 was void only insofar as it attempted to direct the percentage of time a part-time District Attorney should devote to his office and was otherwise legal and valid. Special Term also found that by waiting until just two days before he left office at the completion of his second term to challenge Resolution No. 217, plaintiff waived his right to object.

Thus, we are presented with three questions: (1) Is a retroactive increase in the salary of a District Attorney constitutional? (2) Is plaintiff's action waived or subject to dismissal for laches? (3) Are Resolutions Nos. 215, 216 and 217 valid? We will discuss these questions *seriatim.*

The answer to the first question has recently been provided. Subsequent to Special Term's decision, the Court of Appeals addressed the perplexing and troublesome issue of whether a District Attorney was a State or local officer in *Matter of Kelley v McGee* (57 NY2d 522, 530), and provided the answer in the following language: "We hold that the requirement of section 183-a that full-time District Attorneys in certain counties be paid at the same salary level as County Court Judges in their counties is not in conflict with the home rule provisions of article IX of the New York State Constitution, nor does section 7 of article XIII bar a midterm increase in the salary of these local officers. Hence, District Attorneys in counties falling within section 183-a are entitled to be compensated in accordance with its provisions both prospectively and retroactively to the date at which the counties ceased paying salaries equivalent to those of the County Court Judges". Accordingly, it becomes clear that there is no constitutional impairment to the retroactive payment back as far as the date at which the county ceased paying salaries equivalent to those paid to the County Judge. Nor are we able to agree with Special Term in its holding that plaintiff has waived his right to object and that his claim is barred by laches. First of all, acceptance of less than a statutorily mandated salary does not bar recovery of the full amount due because of any principle of waiver or estoppel (*Quayle v City of New York,*

278 NY 19, 22; *Kehn v State of New York,* 93 NY 291, 294).
In addition, the defense of laches requires more than a
showing of delay. There must also be evidence of prejudice
to defendant attributable to the delay. Laches is not mere
delay that works disadvantage or injury; such a defense is
deficient if it fails to include allegations showing not only
delay, but also injury, change of position, intervention of
equities, loss of evidence or other disadvantage from such
delay (*Glenesk v Guidance Realty Corp.,* 36 AD2d 852; see,
also, *Weiss v Mayflower Doughnut Corp.,* 1 NY2d 310, 318;
*Augustine v Szwed,* 77 AD2d 298, 301-302; *149 Clinton
Ave. North v Grassi,* 51 AD2d 502). Hence, Special Term
erred in dismissing the complaint on these grounds.

We next conclude that Resolutions Nos. 215, 216 and 217
are invalid. Though separately numbered, they were
passed consecutively and are inextricably entwined, one to
the other, as a package and an inseparable whole. They
have as their sole, common and legislative objective the
unauthorized contravention of section 183-a of the Judi-
ciary Law and subdivision 8 of section 700 of the County
Law to the end that Tompkins County have a full-time
District Attorney at a salary fixed by its county legisla-
ture. That portion of Resolution No. 217 which would
require the District Attorney to spend 96% of his time to
the affairs of that office while allowing 4% of his time for
private practice was properly declared void by Special
Term and no appeal has been taken from that determina-
tion. This provision was the key objective of the entire
package and is, in fact, inseparably connected to the re-
mainder; the object of those other portions of the package is
dependent upon it. Having been denied their prime objec-
tive, it cannot be reasonably concluded that the Board of
Legislators of Tompkins County would desire that the
remainder be effective. Indeed, this board has consistently
opted for full-time designation and, even in Resolution No.
217, obviously are seeking, in fact, a full-time (96%) Dis-
trict Attorney. Since it cannot be said that the board would
have adopted any portion of the inseparable whole without
the 96% provision and, inasmuch as that provision is void
and permeates the remainder, it renders the entire pack-
age invalid (see 25 NY Jur 2d, Counties, Towns, and

Municipal Corporations, § 283, p 388). Moreover, an ordinance in excess of the powers of a municipality has frequently been held to be void as a whole and not merely as to the excess (*Fougera & Co. v City of New York,* 224 NY 269). Resolutions, being less formal, are entitled to no more consideration. Since the entire package is void, previous resolutions designating the position to be full time are in full effect (cf. *Matter of Concordia Coll. Inst. v Miller,* 301 NY 189, 197; *Matter of Markland v Scully,* 203 NY 158, 166; 25 NY Jur 2d, Counties, Towns, and Municipal Corporations, § 298, p 404). Accordingly, the order of Special Term must be reversed.

Though not in issue at bar, we nonetheless seize the opportunity to call to the attention of the State Legislature and to the county legislative bodies a troublesome, though probably innocent, practice being indulged in by some of those county bodies. Our concern arises from the fact that in some instances, as in this case, the option to designate the position of District Attorney as full time or part time as provided for in subdivision 8 of section 700 of the County Law is being exercised at a time while the campaign for the office is actually in progress. The purposes of section 700 of the County Law and section 183-a of the Judiciary Law, as set forth in *Matter of Harvey v Finnick* (88 AD2d 40, 43), were recently approved and affirmed in *Matter of Kelley v McGee* (57 NY2d 522, 539-540, *supra*) and are stated as follows: " 'to maintain the security and independence of District Attorneys, and to assure that persons of high standing and integrity remain in their position. The Legislature recognized that it was not equitable to require full-time District Attorneys to forego private practice while at the same time having their salaries frozen at inadequate levels. By providing minimum salaries equivalent to Judges of the County Court, the office of District Attorney would attract the best available attorneys, and diminish the exodus of District Attorneys to the County Court Bench' * * * These objectives behind the statute demonstrate the strength of the State's interest in maintaining the salaries of District Attorneys at an acceptable level."

As can readily be seen, unless the particular county legislature exercises its option at some point in time prior

to the commencement of the campaign for the office, the purposes of the legislation are completely frustrated since it is highly unlikely that "the best available attorneys" are going to be interested in seeking the office when the salary, status of the office and other pertinent information are not ascertainable prior to the commencement of the campaign therefor.

Moreover, if it is permissible to exercise the option during the campaign or after the election, but before the term commences, the door is opened to the commission of all sorts of mischief and the purposes of the statute are defeated or at least drastically impaired, and doubt is raised as to the legal effect of such a designation.

To conclude, the order of Special Term must be reversed and summary judgment granted in favor of plaintiff.

The order should be reversed, on the law, with costs; defendant's motion denied, plaintiff's cross motion for summary judgment granted, it is declared that Resolutions Nos. 215, 216 and 217 are void, the term of District Attorney of Tompkins County was full time during plaintiff's tenure, and plaintiff is entitled to the difference between the amount paid to him and the amount paid to the County Judge during the period in issue, less statutory deductions.

MIKOLL, YESAWICH, JR., WEISS and LEVINE, JJ., concur.

Order reversed, on the law, with costs; defendant's motion denied, plaintiff's cross motion for summary judgment granted, it is declared that Resolutions Nos. 215, 216 and 217 are void, the term of District Attorney of Tompkins County was full time during plaintiff's tenure, and plaintiff is entitled to the difference between the amount paid to him and the amount paid to the County Judge during the period in issue, less statutory deductions.